954 F.2d 787
 293 U.S.App.D.C. 356
 NOTICE: D.C. Circuit Local Rule 11(c) states that unpublished orders, judgments, and explanatory memoranda may not be cited as precedents, but counsel may refer to unpublished dispositions when the binding or preclusive effect of the disposition, rather than its quality as precedent, is relevant.
JOHN J. KIRLIN, INC.
v.
TRANSPORTATION INSURANCE COMPANY, INC., Appellant.
 No. 91-7074.
 United States Court of Appeals, District of Columbia Circuit.
 Feb. 11, 1992.
 
 Before SILBERMAN, KAREN LECRAFT HENDERSON and RANDOLPH, Circuit Judges.
 
 JUDGMENT
 PER CURIAM
 
 1
 This cause came to be heard on the record on appeal from the United States District Court for the District of Columbia, and was briefed and argued by counsel. While the issues presented occasion no need for an opinion, they have been accorded full consideration by the Court. See D.C.Cir.R. 14(c) (August 1, 1987). On consideration thereof, it is
 
 
 2
 ORDERED and ADJUDGED, by this Court, that the judgment of the District Court appealed from in this case is hereby affirmed substantially for the reasons given by the District Court in its memorandum opinion. See John J. Kirlin, Inc. v. Transportation Ins. Co., Civil Action No. 90-0002 (D.D.C. Apr. 10, 1991). As Judge Gesell explained, the meaning of the word "work" in the insurance exclusion clause at issue is ambiguous and can reasonably be interpreted to encompass the prefabricated insulated steam pipe that was supplied to Kirlin by its subcontractor and damaged as a result of Kirlin's negligence. Ambiguities in insurance contracts are construed against the insurer, who drafted the policy. See Continental Cas. Co. v. Beelar, 405 F.2d 377, 378 (D.C.Cir.1968) (per curiam). It is
 
 
 3
 FURTHER ORDERED, by this Court, sua sponte, that the Clerk shall withhold issuance of the mandate herein until seven days after disposition of any timely petition for rehearing. See D.C.Cir.R. 15(b)(2) (August 1, 1987). This instruction to the Clerk is without prejudice to the right of any party at any time to move for expedited issuance of the mandate for good cause shown.